**Vonda Brown CLARK, et al.**

v.

**TRAYLOR BROS., INC., et al.**

**Civ. A. No. 86–0579–O.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Feb. 10, 1987.

Sandoz, Sandoz & Schiff, and R.R. Reeves, Jr., Leslie J. Schiff and Anne E. Watson, Opelousas, La., for plaintiffs.

Brinkhaus, Dauzat, Falgoust & Caviness, Jimmy L. Dauzat, Opelousas, La., for intervenor.

Jeansonne and Briney, John A. Jeansonne, Jr., Lafayette, La. for Manitowoc Engineering Co.

Lugenbuhl, Burke, Wheaton, Peck & Rankin, Charles E. Lugenbuhl and Scott R. Wheaton, Jr., and Stanley J. Cohn, New Orleans, La. for Traylor Bros., Inc. & The Home Ins. Co.

## RULING

LITTLE, District Judge.

Currently before the Court are cross-motions for summary judgment filed by plaintiff, Vonda Clark, and defendant, Traylor Bros., Inc. After reviewing the applicable law as well as the record, this Court is of the opinion that defendant's motion has merit.

The facts surrounding this motion are not in dispute. On 1 October 1985 plaintiffs' decedent, Riley Clark, was employed by defendant Traylor Bros. as a crane operator. The crane was located on top of a barge which was being used as a work platform to aid Traylor Bros. in constructing a bridge over the Mississippi River at Natchez/Vidalia. The barge was moored to the partially constructed bridge substructure. Plaintiffs' decedent was injured when the railing around the cockpit of the crane collapsed, allowing him to fall to the deck of the barge. He died the following day of the injuries sustained from the fall. Action was brought pursuant to the Jones Act, 46 U.S.C. § 688, and the general maritime law. Traylor Bros. contends that Clark was not a seaman for the purposes of the Jones Act because the barge on which he was injured was a work platform, not a vessel. In order to recover under the Jones Act a worker claiming seaman status must satisfy the following criteria:

(1) He must have a more or less permanent connection with (2) a *vessel* in navigation and (3) the capacity in which he is employed or the duties which he performs must contribute to the function of the vessel, the accomplishment of its mission or its operation or welfare in terms of its maintenance during its movement during anchorage for its future trips.

*Bernard v. Binnings Construction Co., Inc.*, 741 F.2d 824, 827 (5th Cir.1984), *citing Barrios v. Engine & Gas Compressor Services, Inc.*, 669 F.2d 350, 352 (5th Cir.1982) and *Watkins v. Prentzien, Inc.*, 660 F.2d 604, 606 (5th Cir.1981), *cert. denied*, 456 U.S. 944, 102 S.Ct. 2010, 72 L.Ed.2d 467 (1982) (emphasis added). This test is a refinement of the test as originally announced by Judge Wisdom in *Offshore v. Robison*, 266 F.2d 769 (5th Cir.1959). Defendant's motion and this Ruling address only the second prong of this test, i.e., whether or not a vessel was involved.

This Court finds *Cook v. Belden Concrete Products, Inc.*, 472 F.2d 999 (5th Cir), *reh'g denied en banc*, 472 F.2d 1405, *cert. denied*, 414 U.S. 868, 94 S.Ct. 175, 88 L.Ed.2d 116 (1973) and its progeny dispositive of the issue of vessel status. The current test to be applied in determining whether or not a work platform is a vessel for the purpose of the Jones Act is found in *Bernard v. Binnings Construction Co., Inc.*, 741 F.2d 824 (5th Cir.1984). The Fifth Circuit in evaluating the post-*Cook* line of cases found the following factors to be common to the decisions:

(1) The structures involved were constructed and used primarily as work platforms; (2) they were moored or otherwise secured at the time of the accident; and (3) although they were capable of

movement and were sometimes moved across navigable waters in the course of normal operations, any transportation function they performed was merely *incidental* to their primary purpose of serving as work platforms.

*Id.* at 831 (emphasis added). The uncontested facts surrounding this accident warrant a holding that the Barge N–45 was not a vessel for the purposes of the Jones Act. This Court recognizes that the determination of vessel status is usually properly left to the jury. *Leonard v. Exxon Corp.*, 581 F.2d 522, 523 (5th Cir.1978), *reh'g denied en banc*, 586 F.2d 842, *cert. denied*, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 397 (1979). "Summary judgment is proper on the question of seaman status where the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences on any of the elements of the seaman test." *Bernard, supra* at 828 (citations omitted).

Although no single factor was determinative the Court found the following factors relevant to its decision:

1. The barge was at the Natchez/Vidalia jobsite from 25 June 1984 until 29 August 1986 (almost 26 months) and never left the site during this time period;
2. The barge had no navigational lights or aids;
3. It had no lifeboats;
4. It had no crew quarters or kitchen facilities;
5. It had a shack for storage of equipment and refuge from inclement weather;
6. The barge served as a work platform from which the crane operated;
7. At the time of the casualty, the barge was secured to an incompleted substructure of the Mississippi River bridge.

In conclusion, this Court finds that the Barge N–45 was not a vessel within the intendment of the Jones Act. Any transportation function of the barge was merely "incidental" to its primary function of serving as a work platform. See *Bernard, supra* at 831.

WHEREFORE, premises considered, defendant's motion for summary judgment is GRANTED, dismissing plaintiffs' claims under the Jones Act. Plaintiffs' motion for summary judgment is DENIED.